# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| TERRY SOUTHARDS, | ) | Case No. 1:08-cv-00064 AWI TAG |
| Plaintiff, | ) ) | ORDER DENYING APPROVAL OF STIPULATION CONCERNING |
| vs. | ) ) | DEFENSE MEDICAL EXAMINATION (Doc. 9) |
| CONAGRA FOODS, INC., | ) ) | ORDER MODIFYING |
| Defendant. | ) ) | SCHEDULING ORDER (Doc. 8) |

On March 13, 2009, the parties filed a Stipulation and Joint Request Concerning the Defense Medical Examination of Plaintiff Terry Southard (the "Stipulation"). (Doc. 9). The Stipulation attaches as exhibits a series of meet and confer letters regarding Defendant's request to schedule Plaintiff's medical examination in Sacramento. (Doc. 9, Exh. A). The Stipulation also attaches a proposed order providing only that "[p]ursuant to the joint request of counsel, the stipulation of counsel will become the [o]rder of the Court."

The Stipulation informs the Court that (1) Plaintiff has been medically cleared to travel to Sacramento for a defense medical examination; (2) within the next two weeks, the parties will agree to an examination date to be conducted within the next two months and are negotiating the parameters of that examination; and (3) the parties currently seek an order modifying the Scheduling Order issued May 2, 2008 (Doc. 8) to provide that the expert report of Defendant's medical examiner is not due until 30 days after the defense medical examination is completed.

In sum, the parties seek an order modifying the Scheduling Order to accommodate a currently unscheduled medical examination whose scope has not yet been determined. The Court declines to issue an order approving the Stipulation, for the following reasons set forth below.

///

1

1. There is no date set for the medical examination of Plaintiff and the Court cannot agree to extend a deadline to a date that is not certain.

2. The Stipulation erroneously states that it does not change any other aspect of the Scheduling Order. However, if the medical examination of Plaintiff is not conducted for two months and the examiner's report is not due for at least another month thereafter, both as contemplated by the Stipulation, it would mean a 90-day extension to at least June 13, 2009, which is beyond the existing deadlines for supplemental expert disclosures and the of non-dispositive motions, and is also likely to impact the non-dispositive motion hearing date deadline.

Based on the foregoing, the Court makes the following orders:

1. The parties' request to approve the Stipulation (Doc. 9) is denied, without prejudice.

2. The parties are directed to meet, confer, and endeavor to agree upon a date certain for the defense medical examination of Plaintiff and the time, place, manner, conditions, and scope of the examination, as well as the person or persons who will conduct it, in accordance with Fed.R.Civ.P. 35(a)(2)(B), and submit a revised stipulation detailing that agreement, if any, forthwith. The revised stipulation shall also consider the effect that the date of the medical examination may have upon all other dates in the Scheduling Order, and address any need for extensions of those dates.

3. The Court recognizes that the parties may need additional time to file a revised stipulation as directed above, and hereby modifies the Scheduling Order (Doc. 8) as follows:

The initial expert disclosure deadline is extended to March 27, 2009; and

The supplemental expert disclosure deadline is extended to April 10, 2009.

IT IS SO ORDERED.

Dated:   **March 16, 2009**                                          /s/ Theresa A. Goldner
                                                                      UNITED STATES MAGISTRATE JUDGE